FILED

2012 Sep-13  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **KAREN L. ROBINSON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 3:11-cv-3102-RDP** |
| | } | |
| **MICHAEL J. ASTRUE,** | } | |
| **COMMISSIONER OF SOCIAL** | } | |
| **SECURITY,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OF DECISION

Plaintiff Karen L. Robinson brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), seeking review of the decision by the Administrative Law Judge ("ALJ") denying her claim for disability and disability insurance benefits ("DIB") under Title II of the Act. Based upon the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be remanded for further consideration.

## I.      Proceedings Below

Plaintiff filed an application for disability and DIB on October 17, 2008, alleging that disability began on August 22, 2008.  (R. 88).  The Social Security Administration denied Plaintiff's initial claim on November 25, 2008.  (R. 42).  Plaintiff then filed a written request for a hearing on December 10, 2008.  (R. 50).  On January 6, 2010, the ALJ notified Plaintiff that her hearing was scheduled for January 26, 2010.  (R. 60-64).  On April 8, 2010 the ALJ delivered his decision denying Plaintiff disability benefits. (R. 12-20). In his decision, the ALJ concluded that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Act. (R. 20).

On June 7, 2010 Plaintiff filed a request for review of the ALJ's decision.  (R. 134-36).  On August 17, 2011, the Appeals Council notified Plaintiff that her request for review had been denied. (R. 1-3).  This court has jurisdiction to review the Appeals Council decision.  *See* 42 U.S.C. § 405(g).

Plaintiff claims to be disabled as a result of migraine and muscular headaches that began in 1992 after a car accident.  (R. 82, 128, 164, 189).  Plaintiff was born in 1971 and has three children ages nineteen (19), nine (9), and one (1) year old. (R. 29-30, 41).  Plaintiff reported that she cares for her younger children, prepares and takes them to school,  prepares meals, washes clothes, cleans the house, and shops for food and clothes.  (R. 106, 108-109).  Plaintiff also indicated that she drives to and from her parents' house, as well as church, on a regular basis.  (R. 110).

The earliest medical records for Plaintiff are dated February 23, 1999.  At that time, she consulted Dr. Lyman Mitchell, her treating physician, for pain in the back of her head and frontal sinus area. (R. 164).  Plaintiff continued to see Dr. Mitchell over the subsequent years for various symptoms, eventually including muscular headaches.  (R. 139-64).   While Plaintiff continued to complain of neck/head pain, Dr. Mitchell repeatedly assessed her condition as stable and never suggested that she was limited in any way by her headaches. (*Id.*).   In 2005 and 2006, Dr. Mitchell ordered an MRI and CT scan of Plaintiff, which came back "unremarkable."  (R. 144-45, 166-68; *see* R. 181, 189).

During the alleged disability period, Plaintiff met with Dr. Mitchell on four reported occasions.  (R. 138, 183, 185, 187).  Dr. Mitchell continued to assess Plaintiff's condition as stable with no major changes, even though Plaintiff reported that her headaches were "a little bit more severe."  (*Id.*).   During these visits, Plaintiff's migraines were primarily being treated with

2

Cephadyne (for mild headaches) and Lorcet 10 (for her more severe headaches), though Mepergen was later prescribed. (R. 183, 185). Plaintiff's last recorded visit with Dr. Mitchell occurred on October 19, 2009, and again Dr. Mitchell opined that Plaintiff was stable overall and did not indicate that Plaintiff experienced any limitations from her headaches. (R. 187).

On January 21, 2010 Plaintiff consulted Dr. Badr Sultan, a neurologist. (R. 189-91). Dr. Sultan noted Plaintiff's headache is bilateral, she described photophobia, nausea, and vomiting with her headaches, and stated that strong smells could trigger her headaches. (R. 189). Dr. Sultan also noted that Plaintiff had several CT scans and MRI's of her head that were unremarkable. (*Id.*). Following his examination, Dr. Sultan recommended that Plaintiff start medication for migraine prophylaxis and prescribed Topamax and Maxalt-MLT, advising her to avoid frequent use of narcotic or pain medication. (R. 191). On January 26, 2010 the ALJ hearing was conducted. (R. 12).

## II.    ALJ Decision

For an individual to be determined disabled as defined under the Act, the claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 20 C.F.R. § 416.905. The Social Security Administration has established a five-step process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a). These steps are followed in order, and if it is determined that a claimant is or is not disabled at any step of the evaluation process, the evaluation will not proceed.

The first step provides that if a claimant is working, and that work qualifies as substantial gainful activity, then the claimant cannot claim disability regardless of medical condition, age,

3

education, or work experience. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves doing significant mental or physical activities and is usually done for pay or profit. 20 C.F.R. § 416.974.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that is "severe" under the Act. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 416.921. Third, if the ALJ determines that a claimant's impairment meets or equals an impairment or combination of impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. 20 C.F.R. § 416.920(d).

Before proceeding to the fourth step, the ALJ must assess the claimant's residual functional capacity ("RFC") based on all relevant medical and other evidence contained in the record. 20 C.F.R. § 416.920(e). An individual's RFC is their ability to do physical and mental work activities on a sustained basis despite limitations from impairment. 20 C.F.R. § 416.945. At step four, the ALJ must determine whether a claimant is capable of performing past relevant work based on the claimant's RFC. 20 C.F.R. § 416.920(f). If a claimant's RFC allows for them to do past relevant work, then the claimant is not disabled.

At the fifth and final step, the ALJ must determine whether the claimant is capable of making an adjustment to any other kind of work given their RFC, age, education, and work experience. 20 C.F.R. 416.920(g). If the claimant is able to do other work then the claimant is not disabled.

Here, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2010. (R. 14). The ALJ further found that Plaintiff had not engaged in

substantial gainful activity since August 22, 2008. (*Id.*). For step two, the ALJ concluded that Plaintiff had the severe impairments of hypertension, obesity, and migraine headaches. (*Id.*). The ALJ then determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 15).

Before proceeding to step four, the ALJ was called upon to determine whether Plaintiff had an underlying medically determinable physical or mental impairment that could reasonably be expected to produce her pain or other symptoms, and then evaluate the intensity, persistence, and limiting effects of Plaintiff's symptoms to determine the extent to which they limited her functioning. (*Id.*). The ALJ found that Plaintiff had the RFC to meet the exertional demands of light work as defined by the Social Security Administration, which includes: lifting and carrying twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours and sit six hours in an eight-hour workday with normal breaks; cannot work with exposure to unprotected heights, hazardous machinery, or extreme heat; and cannot work on ladders, ropes, or scaffolds. (R. 15). In making this RFC determination, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent they were inconsistent with her RFC. (R. 14-15).

The ALJ stated that he gave some credence to Plaintiff's complaints of side effects from her medications, but noted that no physician had ever: (1) stated that Plaintiff had limitations restricting her from all work activity; (2) advised her to lie down frequently during the day; or (3) assessed her as suffering from any disabling limitations. (R. 16-17). The ALJ then pointed out that the record did not show that Plaintiff's condition had been or would be disabling for 12 consecutive months,

as Plaintiff had not been diagnosed with serious headaches until five days before the hearing when she was first prescribed migraine medication by Dr. Sultan. (R. 17). Next, the ALJ opined that "based on [Plaintiff's] reported activities . . . her impairments, including obesity, do not restrict her ability to perform routine movement and necessary physical activity within a limited range of light work environment." (*Id.*).

The ALJ then concluded that Plaintiff was capable of performing her past relevant work as a teacher's aide/substitute teacher. (R. 18). The ALJ went on to make an alternative finding, based on vocational expert testimony, that other jobs exists in the national economy that Plaintiff can perform such as inspector, assembler, and packer. (R. 19). Thus, the ALJ concluded that Plaintiff was not disabled and capable of performing not only her past relevant work, but other types of work as well. (R. 19).

## III. Plaintiff's Argument for Reversal

Plaintiff has filed three separate documents: (1) a Representative Brief (R. 134-36); (2) Plaintiff's Brief in Support of Reversal (Pl. Br. (Doc. #9)); and (3) Plaintiff's Reply Brief in Support of Reversal (Pl. Rep. Br. (Doc. #11)). Plaintiff's central contention is that the ALJ's rejection of her subjective pain testimony is not supported by substantial evidence. (R. 134; Pl. Br. at 9). In support of her argument, Plaintiff challenges the reasons the ALJ provided to discredit her pain testimony. First, Plaintiff argues that the ALJ erred in concluding that her headaches were first diagnosed only five days before the hearing. (R.135; Pl. Br. at 7-8; Pl. Rep. Br. at 1-2). Plaintiff asserts remand is warranted because "it is inconceivable that the ALJ could properly weigh [Plaintiff's] subjective testimony" due to his mistakes in fact finding. (Pl. Rep. Br. at 1). Next, Plaintiff asserts that the ALJ improperly discredited her pain testimony because "no treating physician opined that she has

restrictions that would prevent the ability to perform all work activity." (R. 135; Pl. Br. at 8-9). Finally, Plaintiff challenges the ALJ's characterization of her daily activities because the "ALJ did not cite to any specific daily activities that are inconsistent with [Plaintiff's] pain testimony." (R. 136; Pl. Br. at 9).

## IV.     Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (*citing Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (*quoting Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at

701.

## V.    Discussion

Plaintiff's brief makes one central contention on which her various arguments are based: Plaintiff's pain testimony should be fully credited because the ALJ's rejection of her testimony is not "supported by substantial evidence."  (Pl. Br. at 9).  The court organizes its discussion of this contention as follows: (a) two issues addressing the credibility the ALJ assigned to Plaintiff's pain testimony; and (b) one issue discussing the ALJ's factual errors when assessing Plaintiff's credibility.  For the reasons discussed more fully below, the court agrees that the ALJ committed error, that the error is material to his credibility findings, and therefore, remand is warranted.

### a.    The ALJ Provided Proper and Sufficient Reasons for Discrediting Plaintiff's Subjective Complaints of Disabling Headaches Based on the Medical Records and Plaintiff's Daily Activities

Plaintiff's first contention is that the "ALJ's rejection of [Plaintiff's] pain testimony is not supported by substantial evidence" and therefore, his conclusions should be overturned.  (Pl. Br. at 9).  This contention is incorrect.  That assertion is off the mark.

The Eleventh Circuit's "pain standard" is well-established and applies when a claimant attempts to establish disability through her own testimony of pain (or other subjective symptoms). The standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).  An ALJ is not bound by a claimant's subjective testimony, and may discredit

8

a claimant's pain testimony so long as "explicit and adequate reasons" are given for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (*citing Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). An ALJ may not discredit subjective testimony simply because objective medical evidence is lacking. *Elam v. Railroad Retirement Board*, 921 F.2d 1210, 1215 (11th Cir. 1991) (finding that a claimant who demonstrates the existence of an impairment that could reasonably be expected to produce pain establishes a claim of disability and is not required to produce additional, objective proof of the pain itself). Here, the ALJ found that Plaintiff did in fact have medically determinable impairments that could reasonably be expected to cause her alleged symptoms; however, he also found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not credible to the extent that they were inconsistent with Plaintiff's RFC. (R. 15-16). SSR 96-4p and 96-7p. Substantial evidence supports two of the three reasons the ALJ provides for discrediting Plaintiff's testimony: (1) Plaintiff's alleged disabling limitations are not supported by her medical records (R. 16-17), and (2) Plaintiff's reported daily activities is evidence against her allegations of "severe and chronic pain and limitation of function" (R. 16).[1]

### 1. Plaintiff's Medical Records Provide Substantial Evidence to Support the ALJ's Credibility Findings

Plaintiff contends "the ALJ applied the wrong standard" when he discredited her subjective pain testimony. Specifically, Plaintiff cites *Lamb v. Bowen* and argues that "a physician's silence regarding a claimant's functional capacity is not evidence and does not translate into an opinion that a claimant can work." 847 F.2d 698 (11 Cir. 1988). (Pl. Br. at 8). Plaintiff's claim fails because

---

[1] While the ALJ provided three main reasons for discrediting Plaintiff's subjective complaints, only two will be discussed in this section. Because the third was an improper reason – the Commissioner has conceded this – it will be addressed in the next section. (*See* Def. Br. at 7 n.2).

it ignores the additional reasons provided by the ALJ for using Plaintiff's medical records to discredit her pain testimony.

The ALJ did not apply the wrong legal standard because the Eleventh Circuit has made clear that the lack of medical evidence supporting disabling limitations can be viewed as evidence contrary to a claimant's testimony about subjective pain.  Plaintiff cites *Lamb v. Bowen* for the proposition that when a physician does not evaluate a claimant's capacity to work, "[s]uch silence is equally susceptible to either inference, therefore, no inference should be taken." 847 F.2d at 703.  Although this proposition is of course correct, it does not carry Plaintiff's argument as far as she contends. This is because the argument fails to address the additional reasons the ALJ provided to discredit Plaintiff's pain testimony from the medical records.  Upon close examination, it is readily apparent that *Lamb* is factionally distinguishable from this case.  In *Lamb*, the Eleventh Circuit overturned the district court's ruling affirming the Secretary of Health and Human Services' denial of *Lamb's* claim for disability benefits.  *See* 847 F.2d 698.  The court of appeals determined that the Secretary had not reviewed the record to determine if substantial evidence supported the ALJ finding.  Rather, the Eleventh Circuit concluded that the Secretary drew his own conclusions based on his own interpretation of the record.  *Id*. at 702 ("[T]he record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain.").  In the Secretary's decision, more weight was implicitly placed on the opinions of reviewing, nonexamining physicians without providing a showing of good cause to discredit the examining physicians.  *Id*. at 703-04.  In this context, silence by an examining physician cannot be interpreted against an examining physician by a reviewing Secretary.  The Commissioner, in his brief, correctly notes that the broader principle of that case advocates that the reviewing official must not misconstrue a physician's statement.  *Id*. at

10

701 ("'[The] court must scrutinize the record in its entirety to determine [the] reasonableness of [the] decision reached.'") (*quoting Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987)).

In this case, the ALJ's credibility findings regarding Plaintiff's subjective pain are proper. The ALJ provided "specific and adequate reasons" based on the entirety of Plaintiff's medical records to arrive at his conclusions. *See Wilson*, 284 F.3d at 1225; *Lamb*, 847 F.2d at 701. The ALJ partially discredited Plaintiff's pain testimony based on five explicit reasons from her medical records: (1) "[N]o physician . . . opined that [Plaintiff] has limitations restricting her from all work activity, she has not been advised by a physician to lie down frequently during the day, and no physician noted any disabling limitations" (R. 16-17; *see generally* R. 138, 183, 189-91); (2) nothing in the records shows Plaintiff's migraines would be "disabling for 12 consecutive months" (R. 17; *see generally* 138-91 (Plaintiff's entire medical records)); (3) Plaintiff's neurologist (Dr. Sultan) "performed no tests" to confirm migraines, nor did he "describe any disabling limitations" (*Id*.; *see* R. 189-91); (4) Plaintiff's condition is consistently described as "stable" (*Id*.; R. 138, 183); and (5) previous MRI's and other relevant testing of Plaintiff have been "unremarkable" (*Id*.; R. 166-68).

These reasons, articulated by the ALJ, are sufficient to establish a proper credibility finding for Plaintiff's pain testimony. The court is well aware that the lack of objective medical evidence in itself is inconclusive, *Elam*, 921 F.2d at 1215, and a physician's silence alone is also indeterminate. *See Lamb*, 847 F.2d at 703. However, when the medical evidence lacks both objective medical proof as well as affirmative statements of disability by a physician, the evidence tends to undermine Plaintiff's claim of disability. *See Harris v. Astrue*, 2011 WL 5358707, at *6 (M.D. Fla. Nov. 3, 2011) ("[N]o inference can be drawn from silence. However, since the [claimant]

11

has the burden to demonstrate that [s]he is disabled, the absence of any supporting statement from a treating physician is noteworthy."). Further assessment of the evidence from Plaintiff's medical records substantiates this point.

While any of the ALJ's reasons from the medical record, existing alone, would be inadequate to discredit Plaintiff's testimony, the medical evidence in its entirety provides a "specific and adequate" basis of substantial evidence to discredit Plaintiff's claim. *See Wilson*, 284 F.3d at 1225; *Lamb*, 847 F.2d at 701. The only objective testing available – an MRI and CT scan – reveal nothing remarkable about Plaintiff's condition. (R. 166-68, 181, 189). Although these tests were performed before the alleged onset date of disability (*compare* R. 82, 88, *with* R. 166-68), because Plaintiff is alleging disability based on worsening symptoms of a previous-existing condition, these tests are relevant to Plaintiff's claim and may be substantial evidence which support of the ALJ's finding. (*See* R. 102 (Plaintiff reports having headaches of this "type, severity, and frequency" for at least 5-6 years)). Moreover, Plaintiff's treating physician, Dr. Mitchell, consistently performed physical examinations over the alleged disability period. (R. 138, 183, 185, 187). These examinations reveal Plaintiff's condition as "stable," despite the doctor's notations of "what appears to be migraine headaches." (*Id*.). Dr. Mitchell also noted that Plaintiff's condition, including headaches, has experienced no "major changes" even though Plaintiff reported an increase in the frequency of her headaches in a Disability Report she filed only one month prior. (*Compare* R. 183, *with* R. 120-25). Because Plaintiff's medical records provide substantial evidence to support the ALJ's credibility determination, the ALJ's finding on this basis is proper.

12

## 2.    Plaintiff's Medical Records Constitute Substantial Evidence to Support the ALJ's Credibility Finding, and Plaintiff's Daily Activities Also Bolster His Findings

Plaintiff argues the ALJ "did not cite to any specific daily activities that are inconsistent with [her] pain testimony." (*See* Pl. Br.).  Essentially, Plaintiff acknowledges that the ALJ found she was able to cook and take care of a child "*when she does not have a headache*" (*id.*); however, Plaintiff asserts that the ALJ failed to articulate which daily activities that Plaintiff is capable of performing while she is experiencing a migraine headache. (*Id.*; R. 16).  Plaintiff's argument misses the mark.

The ALJ cited the record regarding Plaintiff's daily activities in support of a finding which refuted her allegation that she experiences "severe and chronic pain and limitation of function to the degree that it would preclude the performance of all substantial gainful activity." (R. 16).  The ALJ specifically stated that Plaintiff's daily activities of cooking and caring for a child is evidence that contradicts allegations of disabling headaches.  (*Id.*).  The evidence of record supports the ALJ's finding.  In Plaintiff's Function Report, Plaintiff reported that she prepares quick meals, washes clothes, cleans the house, drives to church and her parents' house, and shops for food and clothes. (R. 106-13).  Evidence of "everyday activities of short duration" does not automatically disqualify a claimant from disability.  *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997).  However, consideration of the entire record can constitute substantial evidence when determining if daily activities preclude disability benefits.  *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). Because Plaintiff's daily activities, when considered in conjunction with the evidence from her medical records already discussed, constitutes substantial evidence disproving her alleged severity of her headaches, Plaintiff's claim fails.  *See id.  See also Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (noting that when considering daily activities, the entire record must be considered,

13

including the claimant's testimony that she had to lie down after two hours of such work).

> **b.      Remand is Warranted Because Errors Made by the ALJ Affected His Credibility Determination of Plaintiff's Pain Testimony**

Plaintiff correctly points out that "[t]he ALJ's conclusion that [her] migraines were first diagnosed only five days before the hearing" is factually incorrect.  (Pl. Br. at 8).  The medical records show that Plaintiff had been diagnosed with migraine headaches for at least a year before she filed for disability.  (*See* R. 139-42).  The Commissioner concedes this error in his brief, but argues the error is harmless.  (Def. Br. at 7 n.2).  In response, Plaintiff filed a Reply Brief contending the error is not harmless because "[i]t is inconceivable that the ALJ could properly weigh [Plaintiff's] subjective testimony when he was so unfamiliar with the record . . . ." (Pl. Rep. Br. at 1).  This court agrees with Plaintiff and accordingly a remand of this case is in order.

The Eleventh Circuit has consistently held that mistakes as to weight and credibility constitutes a prejudicial error on the part of the ALJ.  In *Nyberg v. Comm'r of Soc. Sec.*, the court rejected the Commissioner's arguments that the ALJ's failure to consider a treating doctor's opinion is harmless error because the court could not make such a determination without first "re-weighing the evidence and engaging in conjecture that invades the province of the ALJ," even if the evidence did not appear to contradict the ALJ's conclusions.  179 F. App'x 589, 591 (11th Cir. 2006).  *See also Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) (holding the ALJ's failure to articulate reasons for discounting a doctor's medical opinion is not harmless, even though there is evidence on record supporting the ALJ's decision, because it would force the court to engage in a re-weighing of the evidence); *McCloud v. Barnhart*, 166 F. App'x 410, 418 (11th Cir. 2006) (finding ALJ's error was not harmless when he labeled claimant's GAF score of 45 as moderate when it actually indicates

severe impairment because the court is unable to determine the weight the ALJ placed on the score). Similarly, this court is unable to conclude that the ALJ's error[2] is harmless, and is not in a position to re-weigh the evidence in a manner which ignores or negates the ALJ's error in fact finding regarding Plaintiff's pain testimony.

Plaintiff's claim must be remanded so the fact finder can properly credit Plaintiff's pain testimony. Even though it is true that the ALJ's other reasons for discrediting Plaintiff's pain testimony are supported by substantial evidence, it is emphatically not the purview of this court to assume that factual errors by the ALJ would *not* result in a different outcome. To arrive at such a conclusion would require this court to reweigh Plaintiff's pain testimony by crediting the ALJ's valid reasons while ignoring his mistakes. That is not this court's role. Therefore, this appeal must be remanded.

## VI. Conclusion

The court concludes that the ALJ's credibility determination of Plaintiff's pain testimony is partly supported by substantial evidence. However, because this court finds the ALJ committed fact finding errors when he evaluated Plaintiff's pain testimony, Plaintiff's claim is due to be remanded in order for a proper credibility assessment to be made. A separate order in accordance with this memorandum of decision will be entered.

---

[2]Actually, in the ALJ's decision, he made several errors regarding Plaintiff's pain and symptoms. As noted, the ALJ incorrectly stated that Plaintiff's condition was only diagnosed five days prior to her hearing. (R. 17). The ALJ continued to state that Plaintiff "had not taken migraine medication before" her treatment with Dr. Sultan that began on January 21, 2010. (*Id.*). However, the record reveals that Plaintiff had taken Bucet to treat her headaches as early of February 7, 2007. (R. 142). Medical records created months later reveal that Plaintiff took Maxalt and Imitrex for her migraines. (R. 140). Even during the disability period, Plaintiff's headaches were being treated with BuPap, Cephadyne, and Lorcet. (R. 138, 183). The ALJ cited incorrect facts when he made a credibility determination for Plaintiff's pain testimony.

**DONE** and **ORDERED** this _____13th_____ day of September, 2012

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE